Dear Mr. Haik:
You requested an Attorney General's opinion regarding the payment of certain contracted services by the City of New Iberia. You question whether the City of New Iberia may pay for the contracted services for the director of the Mayor's Youth Advisory Board ("MYAB") out of the City's general fund.
The City of New Iberia's Charter provides in relevant part as follows:
 Sec. 40. Budget preparation-Time for submitting.
 On or before the third Monday in August, each year, or on such date as shall be fixed by the mayor and board of trustees, the treasurer or collector as designated, by the mayor and board of trustees shall submit to the mayor and board of trustees an estimate of the probable expenditures of the city government for the next ensuing fiscal year, stating the amount required to meet the interest and maturing bonds of the outstanding indebtedness of the city and the warrants of the city in detail, and showing specifically the amount necessary to be provided; also an estimate of the amount of income from fines, licenses, water and light rents, and all other sources of revenue, exclusive of taxes upon property, and the probable amount required to be levied and raised by taxation to defray all expenses and liabilities of the city.
 * * * * * Sec. 42. Same-Adoption; annual appropriation ordinance. Upon said budget as adopted and filed, the mayor and board of trustees shall pass an ordinance, not later than thirty-first day of October, in each year, which shall be entitled, "THE ANNUAL APPROPRIATION ORDINANCE," in which it shall appropriate such sums of money as it may *Page 2 
deem necessary to defray all expenses and liabilities of the city, and in such ordinances shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object and purpose therein named for the ensuing fiscal year.
 * * * * * Sec. 44. Expenditures above amount provided in appropriation ordinance. Except as herein otherwise specially provided and as allowed by the laws of this state, the city expenditures in one year shall not be increased over and above the amount provided in the annual appropriations ordinance for that year, and no contract involving the expenditure, and no expenditure for any improvement to be paid out of the general or special funds of the city or for defraying the expenses and liabilities of the city shall exceed, in any one year, the amount provided in the annual appropriationordinance [sic], to be paid out of the said general and special funds so appropriated and set apart, but the said several funds shall be maintained for, used and devoted to the particular purposes specified in the annual appropriation ordinance.
 Sec. 45. Expenses incurred not provided for by appropriation ordinance void; exceptions.
 It shall not be lawful for any department or officer of the city to incur or contract any expense or liability for or on behalf of the city unless such an appropriation shall have been made concerning such expenses. Such contract shall be Ab Initio Null and void as to the city for any other or further liability, provided; first, that nothing herein contained shall prevent the mayor and board of trustees from providing by ordinance for payment of any expense, the necessity of which is caused by casualty, accident or unforseen contingency arising after the passage of the annual appropriation ordinance, and second, that the provisions of this section shall not apply to or limit the authority conferred in relation to bonded indebtedness, nor for monies to be collected by special assessments for local improvements.
 Sec. 46. Contracting for debts prohibited unless provision for payment made.
 No debt shall be contracted by the mayor and board of trustees unless provision for the payment of same be made at the time the debt is contracted, stating when due and from what revenue the same shall be paid; or upon the levying of a special tax for the purpose or the issuance of bonds under and in conformity with articles of the state constitution.
Mayor Curry has indicated that this particular expenditure was provided for in the City's budget, and that the budget was properly adopted. As long as the contract for services *Page 3 
clearly sets out the services to be performed and those services will be for the benefit of the City, there is no legal impediment to paying for such services. Therefore, based upon the above provisions, it is the opinion of our office that the City of New Iberia may pay for the contracted services for the director of the MYAB out of the City's general fund.
Mayor Curry also questions whether, in the future, the City may expend funds to pay other expenses of MYAB. The answer to this question depends on what benefits, if any, the City will receive for paying such expenses. The City may pay MYAB's expenses as long as such payment does not violate Article VII, Sec. 14(A) of the Louisiana Constitution, which provides in relevant part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Art. VII, Sec. 14 clearly prohibits the donation of public funds. InBoard of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, 938 So.2d 11, 23, 2005-2298 (La. 9/6/06) the Court found that "(Art VII) § 14(A) is violated when public funds or property are gratuitously alienated." Our office has opined [1] that in order for an expenditure or transfer of public funds or property to comply with Art. VII, Sec. 14(A), the public entity must show:
 1. A public purpose for the expenditure or transfer;
 2. That the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
 3. Evidence demonstrating that the public entity has a reasonable expectation of receiving a benefit or value at least equivalent to the amount expended or transferred.
MYAB was created in order to give the young adults in the City a chance to develop the utmost respect for their government and community through hands-on learning experiences and civic activities, and to ensure an active voice for the youth in the community. Thus, it appears that there is a public purpose for MYAB. MYAB members are required to perform community service activities, attend city council meetings and other meetings, and represent the Mayor at invited functions as youth representative. Because of these obligations, payment of expenses of MYAB does not appear to be gratuitous. *Page 4 
If the City can demonstrate that it has a reasonable expectation of receiving a benefit at least equivalent to the amount it pays for MYAB expenses, then payment of those expenses would not appear to be prohibited under Art. VII, Sec. 14. The benefit must be a benefit to the City, not a benefit to MYAB or to the students who serve as representatives on MYAB. For instance, one example of expenses the City would like to pay is the costs of a leadership conference for MYAB representatives. While such an expense would certainly benefit the individual students, what benefit would there be to the City itself? We don't see a benefit to the City from such an expenditure of public funds. As such this is not an expense which the City can pay. However, there may be other expenses, which if paid, would result in a benefit to the City which is at least commensurate with the cost. For instance, expenses related to community service projects may provide a benefit to the City that is at least equivalent to the amounts expended. For any expenses that meet this test, the payment of such expenses would not appear to be prohibited under Art. VII, Sec. 14.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] See Attorney General Opinion No. 07-0134.